# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| SOUTHERN STATES BANK, as successor in interest by merger with Columbus Community Bank, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 3:18-cv-5-WKW-DAB |
| TERESA WATSON HOLLEY, et al., ) ) ) ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Southern States Bank, as successor in interest by merger with Columbus Community Bank, sues Defendants, Teresa Watson Holley, as Executrix of the Estate of Steven F. Watson; the United States; Capital One, N.A.; and Wells Fargo Bank N.A., in a two-count amended complaint for reformation of mortgage and to set aside a mortgage foreclosure deed. (Doc. 1-4). Before the court is the Plaintiff's Motion for Default Judgment Against Teresa Watson Holley, as Executrix of the Estate of Steven F. Watson, Capital One, N.A., and Wells Fargo, N.A. (Doc. 20). For the reasons that follow, the Magistrate Judge **recommends** Plaintiff's Motion for Default Judgment (Doc. 20) be **granted**.

**I. JURISDICTION**

The case was removed to this court by Defendant, the United States, pursuant to 28 U.S.C. §§ 1442 and 1444. (Doc. 1). No party has contested jurisdiction or venue, and the court finds sufficient information of record to support both. *See* 28 U.S.C. § 1391. On March 5, 2018, this matter was referred to the undersigned for review by Chief United States District Judge W. Keith Watkins. (Doc. 12); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure outlines the procedure for obtaining default judgment against a party. Rule 55 requires an entry of default to precede the entry of a default judgment. *See* Fed. R. Civ. P. 55(a), (b). The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). After the entry of a clerk's default, where the damages are not for a "sum certain," the plaintiff is required to "apply to the court" for an entry of default judgment, pursuant to Rule 55(b)(2).

The mere entry of a default by the Clerk does not, in itself, warrant the court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515

F.2d 1200, 1206 (5th Cir. 1975)). Rather, a defaulted defendant is only deemed to admit the plaintiff's well pled allegations of fact. *Tyco Fire*, 218 F. App'x at 863. Furthermore, a default judgment bars the defendant from contesting those facts on appeal. *Id.* Therefore, before entering a default judgment for damages, a court must ensure that the well pled allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a "substantive, sufficient basis in the pleadings for the particular relief sought." *Id.*

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic*, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Enpat*, 773 F. Supp. 2d at 1313 (citing Fed. R. Civ. P. 55(b)(2)). The court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay." Rule 54(b), Fed. R. Civ. P. In order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief.

### III.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed its Complaint to Set Aside Foreclosure Deed and Reform Mortgage in October 2017 in Circuit Court for Lee County, Alabama. (Doc. 1-1). Plaintiff amended the complaint to substitute the United States as a party Defendant for the Internal Revenue Service. (Doc. 1-3 at 54–58). On January 3, 2018, Defendant United States removed the case to this court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444. (Doc. 1).

On April 6, 2018, Plaintiff filed an application for entry of default against Defendants, Teresa Watson Holley, as Executrix of the Estate of Steven F. Watson, Capital One, N.A., and Wells Fargo, N.A., as these Defendants did not answer or respond to Plaintiff's complaint. (Doc. 15). On April 23, 2018, the Clerk entered a default against Defendants, Teresa Watson Holley, as Executrix of the Estate of Steven F. Watson, Capital One, N.A., and Wells Fargo, N.A. (Doc. 18). Plaintiff now moves for default judgment against these Defendants. (Doc. 20).

In its Amended Complaint, Plaintiff alleges it entered into a Promissory Note with Steven F. Watson, now deceased, on or about September 16, 2013. (Doc. 1-4, ¶ 6). The Note was secured by a mortgage on property located at 34 Lee Road 843, Salem, Alabama. *Id.* ¶ 7. Plaintiff claims that due to a mutual mistake the mortgage fails to list all of the lots that encompass the subject property. *Id.* ¶ 8. The mortgage included only Lot 2, Block "B", Unit No. 2, Lake Shores, but the property known as 34 Lee Road 843, Salem, Alabama also includes Lots 3, 4 and 25, Block "B". *Id.* ¶¶

4

8, 9. After Defendant Watson defaulted on the Note, Plaintiff conducted a foreclosure sale. *Id.* ¶ 10. Plaintiff alleges due to a mutual mistake of fact, only Lot 2 was foreclosed on rather than the entire property being foreclosed on. *Id.*

Because of the mutual mistake of fact, Plaintiff's Amended Complaint seeks to equitably reform the mortgage, pursuant to ALA. CODE § 35-4-150, in order to accurately reflect the proper legal description of the subject property as intended and currently used by the parties, and to set aside the foreclosure on the single lot so that a foreclosure can be conducted on the entire property. *Id.* ¶ 11. Count I of the Amended Complaint seeks reformation of the mortgage. *Id.* ¶¶ 12–14. Count II seeks to set aside the foreclosure deed so that the whole property can be foreclosed on. *Id.* ¶¶ 15–18. Plaintiff alleges that the grantee of the foreclosure deed—Defendant United States—consents to such setting aside. *Id.* ¶ 18. Plaintiff and Defendant United States stipulate that the mortgage should be reformed to reflect the proper legal description of the subject property and further stipulate that the foreclosure deed should be set aside. (Doc. 16).

In its motion for default judgment, Plaintiff states it has already obtained a default against Defendants, Teresa Watson Holley, as Executrix of the Estate of Steven F. Watson, Capital One, N.A., and Wells Fargo, N.A., and to date these Defendants have not appeared, nor have they responded to Plaintiff's Amended

Complaint. (Doc. 20, ¶¶ 5–7). Plaintiff states that it is not seeking monetary damages and a hearing on the matter is not required. *Id.* ¶ 8.

In response to the court's request for additional information regarding Plaintiff's claims and allegations of mutual mistake, Plaintiff submits affidavits detailing the transaction. *See* Docs. 22-1, 22-3, 22-4. Plaintiff explains that Lot 2 is useless without the remainder of the subject property and vice versa because "Lot 2 includes only a portion of the Property, that being part of the driveway and part of the house." (Doc. 22, ¶ 5). Therefore, Plaintiff represents that Lots 3, 4 and 25 without Lot 2 would be of nominal or no value absent the inclusion of Lot 2. *Id.* ¶ 11. Plaintiff further represents the subject property is one tract with the address 34 Lee Road 843, Salem, Alabama 36874, and the Promissory Note which evidenced the loan was secured by the subject property listed in Section 11, Security "Mortgage -34 Lee Road 843, Salem, AL 36874". *Id.* ¶¶ 2, 3. When the loan was closed, an appraisal of the entire property was obtained, and the amount borrowed was commensurate with the value of the entire property. *Id.* ¶¶ 4, 10.

According to Plaintiff, the title work prepared by the attorney who closed the loan initially was only for Lot 2. *Id.* ¶ 12. In foreclosing on the subject property, Plaintiff's counsel relied upon the prior title workup, and did not independently verify that the legal description constituted all of the subject property. *Id.* Counsel represents that it is not uncommon to rely on prior title work, particularly when

6

conducted by a reputable lawyer. *Id.* Accordingly, the title update that was pulled for Lot 2 did not include any plats and provided no information to indicate that a mistake had occurred with the legal description in the mortgage created in 2007. *Id.* The mistake was discovered when a contract for sale of the subject property was entered into and a full title search was conducted on the subject property which revealed the property comprised more than just Lot 2. *Id.* ¶ 13. The mistake was discovered three months after the foreclosure sale. *Id.* The foreclosure auction was conducted by counsel appearing at the courthouse steps of the Lee County Courthouse on Friday January 13, 2017, and crying out the fact that a foreclosure sale was going to be conducted for the subject property. *Id.* ¶ 16. There were no bidders or other individuals present at the sale. *Id.* No bids were placed, and therefore Plaintiff's counsel made a credit bid of $126,674.86 on behalf of Plaintiff and the property was sold to Plaintiff for this amount. *Id.*

Capital One filed a Proof of Claim against the Estate of Mr. Watson in the amount of $229.82 on April 22, 2015, which is recorded in the Probate Court of Lee County, Alabama. *Id.* ¶ 17. Wells Fargo filed a Proof of Claim against the Estate of Mr. Watson in the amount of $6,601.45 on May 12, 2015, which is recorded in the Probate Court of Lee County, Alabama. *Id.* ¶ 18. Neither Capital One nor Wells Fargo have appeared in this litigation. *Id.* ¶ 19. Plaintiff's counsel spoke with Defendant Holley after suit was filed, and Holley indicated she had no

objection to the mortgage being reformed to reflect the original intent of the parties. *Id.* ¶ 15. Plaintiff has submitted the affidavit of Selina Church, a Southern States' employee who on behalf of the predecessor bank made the loan to Steven Watson and who signed the loan documents on the bank's behalf. (Doc. 22-4). She states that Watson understood throughout the entire loan process that he was pledging the entire property to secure the loan and there was never a discussion about only a portion of the property being pledged. *Id.* ¶¶ 4, 5. Further, she states the predecessor bank would never have used as collateral for a loan only a portion of a property that did not include the entire home place. *Id.* ¶ 6.

## IV. ANALYSIS

Plaintiff alleges that it is entitled to reformation of the mortgage on the subject property due to a mutual mistake. Under Alabama law,

> When, through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage, or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value.

ALA. CODE § 35-4-153. There is no allegation of fraud here. Plaintiff has presented evidence, however, to support a mutual mistake. *See* Doc. 22. "Where the sole ground for reformation is mistake, the mistake must be mutual as to all of the parties, but only in the sense that they must all have agreed to the same terms and have

8

mistakenly assumed that those terms were properly expressed in the instrument." *Beasley v. Mellon Fin. Servs. Corp.*, 569 So. 2d 389, 393–94 (Ala. 1990). The Alabama Supreme Court has specifically recognized that "*if the intent was to convey the property as it was known to exist, but the mistake was in the description, reformation is proper.*" *Id.* at 393–94 (citing McClintock on Equity, Ch. 8, § 95 at 258 (1948) (emphasis in original). This appears to be the precise circumstance here where the entire property was intended to be pledged as collateral, but the description of the property was in error.

The well-pled allegations of Plaintiff's Amended Complaint have been established by virtue of the Defendants' failure to answer and resulting Clerk's default. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Thus, the following allegations are established:

> Southern States Bank, as successor in interest by merger with Columbus Community Bank entered into a Promissory Note with Steven F. Watson, now deceased, on or about September 16, 2013, … [which] is secured by a Mortgage on 34 Lee Road 843, Salem, A[labama].
>
> Due to a mutual mistake, the Mortgage fails to list all of the lots that encompass the Property. Specifically, the Mortgage includes only Lot 2, Block "B", Unit No. 2, Lake Shores Subdivision.
>
> The Property known as 34 Lee Road 843, Salem, AL 36874, also includes Lots 3,4 and 25, Block "B", as stated in Exhibit C [to the Amended Complaint], which reflects the entire Property that should have been included on the Mortgage and was not, due to the mutual mistake.

9

>Watson defaulted on the Note. Thereafter, Plaintiff conducted a foreclosure sale which, as a result of the mutual mistake of fact, inadvertently resulted in the foreclosure of Lot 2 only.
>
>Plaintiff and Steven Watson intended for the entire Property to be encumbered by the Mortgage.
>
>The legal description for the Mortgage is in error and was the result of mistake.
>
>The Foreclosure Deed is due to be set aside as same was the result of an error due to the mistake on the legal description.
>
>The Grantee of the Foreclosure Deed consents to such setting aside, and has provided a Quit Claim Deed to disclaim any interest in same.

(Doc. 1-4, ¶¶ 7–10, 13, 14, 17, 18).

The court has reviewed Plaintiff's well-pled allegations, which are taken as true due to the default, along with the affidavits submitted by Plaintiff. The court concludes that the amended complaint states a substantive cause of action for reformation of the mortgage and setting aside of the foreclosure.

Where the Mortgage at issue does not truly express the intention of the parties as a result of a mutual mistake, such as the case here, the Court can revise it to express the intention of the parties. The Defendant United States has stipulated to the existence of a mutual mistake, and the defaulting Defendants have admitted same by their failure to answer the Plaintiff's Complaint and Amended Complaint. In addition to the admissions made by the defaulting Defendants as a matter of law, the Court has before it sworn evidence to support Plaintiff's allegations. Between the

admitted allegations of the amended complaint and the additional evidence now before the Court, an appropriate case for reformation and setting aside the foreclosure deed has been met so that the subject property can be foreclosed upon with the correct legal description as intended by the parties.

Based upon the allegations and the evidence submitted, there is a sufficient basis in the pleadings for the relief sought by Plaintiff. Accordingly, Plaintiff's motion (Doc. 20) is due to be granted, and it is recommended that default judgment be granted against Defendants, Teresa Watson Holley, as Executrix of the Estate of Steven F. Watson, Capital One, N.A., and Wells Fargo, N.A., and in favor of the Plaintiff, Southern States Bank, as successor in interest by merger with Columbus Community Bank.

## V.   CONCLUSION AND RECOMMENDATION

For the reasons stated, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's Motion for Default Judgment (Doc. 20) be **GRANTED**. It is further **RECOMMENDED** that

1. Default Judgment be entered in Plaintiff's favor and against Defendants Teresa Watson Holley, as Executrix of the Estate of Steven F. Watson, Capital One, N.A., and Wells Fargo, N.A.;

2. The court reform the Mortgage that is the subject of the Plaintiff's Complaint and Amended Complaint to reflect the proper legal description of the

subject property as stated in Exhibit C to Plaintiff's Amended Complaint (Doc. 1-3 at 71–73);

3. The reformation dates back to the original date of the Mortgage; and

4. The foreclosure deed (Exhibit D to the Amended Complaint, Doc. 1-3 at 74–76) be set aside due to the mistake in the legal description.

## VI. NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **September 26, 2018**. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Respectfully recommended** this 12th day of September 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE